**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated, | No. CV-19-01837-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Seida Zecic, et al., | |
| Defendants. | |

Plaintiff owned the exclusive nationwide commercial distribution rights to a soccer program telecast nationwide on March 23, 2018 ("Program"). Plaintiff entered into sublicensing agreements with various commercial establishments to permit the public exhibition of the Program. Without such authorization, Defendants Old Town Sarajevo, LLC ("Old Town") and Seida Zecic (also known as Seida Turulja) intercepted, received, and exhibited the Program at their commercial establishment, Old Town Sarajevo Restaurant ("the Restaurant"), located in Phoenix.[1] Specifically, Defendants exhibited the Program on one 46-inch television, during which time only one patron was present. Because the Restaurant had a maximum capacity of 50 persons, the cost to broadcast the Program lawfully would have been $750.00.

In 2019, Plaintiff brought this action accusing Defendants of intercepting and displaying the Program without authorization in violation of the Cable & Television

---

[1] Old Town owns the Restaurant, and Zecic is Old Town's sole member.

Consumer Protection and Competition Act, 47 U.S.C. § 553, and the Federal Communications Act, § 605. On May 10, 2019, the Clerk entered default against Old Town after it failed to obtain counsel and file a responsive pleading. Plaintiff thereafter moved for entry of a default judgment against Old Town, which the Court denied without prejudice to Plaintiff renewing the request, if appropriate, after resolution of the claims against Zecic.

Plaintiff has now moved for summary judgment against Zecic, individually and doing business as the Restaurant (Doc. 33), which is appropriate if there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to Zecic, Plaintiff is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Zecic did not respond to Plaintiff's motion, which means the facts described above are deemed undisputed. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *Syntelco Limited v. Reish*, No. CV-17-00598-PHX-JZB, 2019 WL 2359259, at *2 (D. Ariz. May 31, 2019).

Although Plaintiff alleges claims under §§ 553 and 605, it requests that liability be found under § 605 only. Section 605(a) states, in relevant part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

This section applies to the unauthorized interception of satellite television signals. *DirecTV v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008); *Joe Hand Promotions Inc. v. Spain*, No. CV-15-00152-PHX-SMM, 2016 WL 4158802, at *3 (D. Ariz. Aug. 5, 2016). Section 605 is a strict liability statute. *J & J Sports Prods., Inc. v. Greathouse*, No. CV-13-00922-PHX-GMS, 2015 WL 717907, at *2 (D. Ariz. Feb. 19, 2015). "To be held liable for a violation of section 605, a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication

transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV,* 644 F.2d 820, 826 (9th Cir. 1981).

It is undisputed that Old Town intercepted and exhibited the Program at the Restaurant without authorization. As Old Town's sole member, Zecic is individually liable for its violation of § 605. *See See G & G Closed Circuit Events, LLC v. Miranda*, No. 2:13-cv-2436-HRH, 2014 WL 956235, at *4-5 (D. Ariz. March 12, 2014); *J & J Sports Prods., Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *3 (N.D. Cal. March 14, 2011). Accordingly, Plaintiff is entitled to summary judgment against Zecic.

Section 605 authorizes statutory damages for each violation "of not less than $1,000 or more than $10,000, as the court considers just[.]" § 605(e)(3)(C)(i)(II). Additionally, the Court may award enhanced damages of up to $100,000 for each violation if it finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain[.]" § 605(e)(3)(C)(ii). In assessing whether enhanced damages should be awarded, the Court consider "prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast." *Innovative Sports Mgmt., Inc., v. Redzic*, No. CV 13-00722-PHX-PGR, 2014 WL 1790943, at *2 (D. Ariz. May 6, 2014).

There is no evidence that Zecic committed similar violations in the past, that she charged a cover on the day of the broadcast, or that she charged a premium for food or drinks. Moreover, only one patron was present. Given the lack of evidence that Zecic achieved "commercial advantage or private financial gain" from broadcasting the Program, the Court awards Plaintiff $1,000 in statutory damages and denies its request for enhanced damages. *See Innovative Sports Mgmt.*, 2014 WL 1790943, at *3 (awarding statutory minimum and denying enhanced damages because there was no evidence that the defendants displayed the program for commercial advantage or private gain).

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 33) is **GRANTED.** Pursuant to § 605(e)(3)(C)(i)(II), the Clerk of the Court shall enter judgment

in favor of Plaintiff and against Defendant Seida Zecic (also known as Seida Turulja), individually and doing business as Old Town Sarajevo Restaurant, in the amount of **$1,000**.

**IT IS FURTHER ORDERED** that, pursuant to § 605(e)(3)(B)(iii), Plaintiff may move for reasonable attorney's fees and costs in accordance with LRCiv 54.1 and 54.2.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss Defendant Old Town Sarajevo, LLC, and terminate this case on **August 14, 2020**, unless, before then, Plaintiff files a renewed motion for default judgment against Defendant Old Town Sarajevo, LLC, or moves to voluntarily dismiss the claims against it.

Dated this 3rd day of August, 2020.

Douglas L. Rayes
United States District Judge