WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Seida Zecic, et al.,<br><br>Defendants. | No. CV-19-01837-PHX-DLR<br><br>**ORDER** |

At issue is Plaintiff's unopposed motion for attorney's fees and costs. (Doc. 36.) The Court previously entered judgment for Plaintiff under 47 U.S.C. § 605. (Docs. 35, 41.) Under that statute, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." § 605(e)(3)(B)(iii). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). Plaintiff submits an itemized accounting of time and task records reflecting 6.23 hours billed by attorney Thomas Riley at an hourly rate of $550 for a total of $3,436.50, 7 hours billed by an unnamed research attorney at $300 per hour totaling $2,100.00, and 12.89 hours billed by an unnamed administrative assistant at $110.00 per hour for a total of $1,417.90. (Doc. 36-2 at 12.) Plaintiff also seeks reimbursement for $650.00 in non-taxable costs, representing investigative expenses. (Doc. 36 at 4).

Beginning with the hourly rates, courts in this District have declined to accept Riley's explanation of his $550 hourly rate as reliable evidence of the rate's reasonableness. *See, e.g., Innovative Sports Mgmt. Inc. v. Singh*, No. CV-18-02211-PHX-MTL, 2020 WL 3574582, at *2 (D. Ariz. July 1, 2020); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *3 (D. Ariz. Apr. 8, 2020). These same courts likewise have found Riley's explanation for the unidentified research assistant's $300 hourly rate to be unpersuasive. Riley acknowledges these decisions and recommends that the Court reduce his hourly rate to $350 and his research attorney's hourly rate to $150, in line with *Espinoza*, should the Court find these cases persuasive. (Doc. 36-1 at 7.) The Court finds *Espinoza*'s analysis persuasive and applicable to this case, and therefore will reduce Riley's hourly rate to $350 and the unidentified research attorney's rate to $150 per hour. Courts in this district also have found the rate charged by the administrative assistant to be unreasonable and have reduced it to $65, the approved CJA rate. *See, e.g.*, *G&G Closed Circuit Events, LLC v. Garcia*, No. CV-19-05134-PHX-SPL, 2020 WL 5535758, at *4 (D. Ariz. Sep. 15, 2020). The Court will do the same.

Moving on to the time expended, the Court finds the 7 hours billed by Riley's research attorney (6 for preparing a motion for summary judgment and 1 for preparing the present fee motion) are reasonable. The Court finds three categories of time entries by Riley and his administrative assistant to be unreasonable. First, there are many time entries that reflect duplicative work performed. Second, there are a host of time entries (often for 0.1 hours) for tasks that are merely clerical or secretarial in nature, such as filing and organizing documents and preparing Riley's pro hac vice application,[1] and for reviewing mundane ECF entries, such as the Court's one-sentence order granting Riley's pro hac vice application, or a notice that mail the Court had sent to Defendant Zecic had been returned as undeliverable. Third, there are a handful of time entries that the Court finds objectively unreasonable. For example, Riley billed 0.33 hours for reviewing and signing the final

---

[1] The administrative assistant billed 1 hour for preparing Riley's pro hac vice application, a figure the Court finds unreasonable.

demand letter to Defendant Zecic, which is the same amount of time it took the administrative assistant to draft the letter. Riley spent only 0.1 hours reviewing and signing the prior two demand letters. There is no explanation why it took him three times as long to review and sign the final one. Riley and his administrative assistant also billed a total of 0.8 hours to prepare and file a motion for leave to appear telephonically at the Rule 16 Scheduling Conference, and the subsequent order granting that request. These efforts were unnecessary, as the Court's order setting the Rule 16 Conference advised the parties that anyone wishing to appear telephonically could do so, provided they file a written notice of their intent to appear telephonically no later than 2 days before the conference. (Doc. 24 at 5.) A motion was not necessary. Most egregiously, Riley billed a full hour for "Preparation and Telephonic Appearance re: Pre-Motion Conference." This pre-motion conference occurred telephonically on February 26, 2020, and lasted for 2 minutes, during which the Court merely inquired about whether Plaintiff intended to file a motion for summary judgment. (Doc. 32.) The Court seriously doubts that Riley spent 58 minutes preparing for this conference call and, if he did so, that work was unreasonable given the purpose and scope of the conference call. The Court will reduce these amounts accordingly.

All said, these categories account for 6.15 hours of the administrative assistant's time, and 2.23 hours of Riley's time, which the Court will strike. The Could finds the remaining 6.74 hours of the administrative assistant's time, and 4 hours of Riley's time to be reasonable.

Finally, Plaintiff seeks reimbursement for the cost of his private investigator. Although investigative costs are permitted under § 605(e)(3)(B)(iii), "it does not alleviate a plaintiff's burden to show (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." *Espinoza*, 2020 WL 1703630, at *4 (quotation and citation omitted). Here, Plaintiff attaches an invoice for an investigator showing that a check was paid to an Amanda Hidalgo for $650. (Doc. 36-2 at 15). Plaintiff does not provide

- 3 -

1 information on the amount of time spent, the investigator's hourly rate, or the investigator's
2 qualifications. The Court cannot assess whether the $650 in investigative costs are
3 reasonable and therefore will deny this request.
4     **IT IS ORDERED** that Plaintiff's motion for attorney's fees and costs (Doc. 36) is
5 **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded **$2,888.10** in
6 attorney's fees. Plaintiff's request for non-taxable investigative costs is denied.
7     Dated this 15th day of March, 2021.

Douglas L. Rayes
United States District Judge